[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14577
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cv-01991-JDW-EAJ

DWAYNE NORTON,

                                                                     Plaintiff-Appellant,

versus

MARK OBER,
STATE OF FLORIDA,

                                                                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 4, 2014)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Dwayne Norton appeals the District Court's dismissal of his complaint, which indicated he was appealing the Florida Supreme Court's dismissal of his state criminal appeal.  He alleged that he erroneously received a habitual-offender sentencing enhancement.  The District Court dismissed Norton's complaint without prejudice on the ground that the court lacks jurisdiction to review final judgments in state court proceedings.

On appeal, Norton presents three arguments.  First, he contends that, after a recent decision by the Florida Supreme Court, the habitual-offender sentencing enhancement he received was contrary to Florida law.  Second, he suggests that police officers lacked probable cause to arrest him.  Third, he contends that a witness who testified against him at trial offered false testimony, and that the false testimony infringed his constitutional rights.

The United States Constitution gives the federal courts jurisdiction over cases arising under federal law.  U.S. Const. art. III, § 2.  Section 1257 of Title 28, United States Code, provides that final judgments rendered by the highest court of a state may be reviewed by the United States Supreme Court by writ of *certiorari*, where the validity of a federal law is called into question; where the constitutionality of a state law is at issue; or where a party claims a title, right, privilege, or immunity under federal law.  28 U.S.C. § 1257.  The Supreme Court has confirmed that the lower federal courts lack jurisdiction to review final

judgments of state courts, and that review of such judgments pursuant to 28 U.S.C. § 1257 may only be had in the Supreme Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923).

Here, the only argument Norton raised in the District Court was his first argument on appeal, which challenges the Florida Supreme Court's dismissal of his state criminal appeal on state law grounds. No federal court has jurisdiction to review a final state court judgment based on state law. *See* U.S. Const. art. III, § 2. Accordingly, the district court did not err in dismissing Norton's complaint for lack of subject matter jurisdiction.[1]

AFFIRMED.

---

[1] We decline to review Norton's second and third arguments, as he did not present them to the district court. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331-32 (2004).